UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILIP GIBSON                                                          CIVIL ACTION

VERSUS                                                                 NO. 14-200

ARTHUR MORRELL, ET AL.                                                 SECTION "J"(3)

**REPORT AND RECOMMENDATION**

Plaintiff, Philip Gibson, a state pretrial detainee, filed this civil action against Arthur Morrell, Robert Kazik, Carla Smith, Shannon Sims, and other unidentified individuals. In this lawsuit, plaintiff claims that his criminal case was improperly transferred from one judge to another within the Orleans Parish Criminal District Court.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that this matter be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added). For the following reasons, it is clear that the second element is lacking in the instant case.

Plaintiff alleges that his state criminal case was randomly allotted to Section I of the Orleans Parish Criminal District Court. He further alleges that his case was then improperly transferred to Section J, purportedly in exchange for a case that had previously been transferred to Section I from

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Section J due to a recusal. He claims that his rights were violated due to the fact that his case was not randomly chosen for transfer.

The flaw in plaintiff's claim is that it is based on underlying premise that he has a federal constitutional right to have his criminal case assigned on a random basis. That premise is simply inaccurate. See, e.g., Sinito v. United States, 750 F.2d 512, 515 (6th Cir. 1984) ("[A] defendant does not have a right to have his case heard by a particular judge. Nor does a defendant have the right to have his judge selected by a random draw." (citations omitted)); United States v. Keane, 375 F. Supp. 1201, 1204 (D.C. Ill. 1974) ("Due process does require that criminal defendants be accorded a fair trial before an impartial judge. But a defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge." (footnote omitted)). Indeed, in rejecting a similar claim by a federal criminal defendant who challenged the transfer of his case from one federal judge to another, the United States Fifth Circuit Court of Appeals held that the defendant's "contention that a district judge cannot transfer his arraignment calendar to another district judge without the consent of the accused and his lawyer is patently frivolous," noting that judges have "the inherent power to transfer cases from one to another for the expeditious administration of justice." United States v. Stone, 411 F.2d 597, 598-99 (5th Cir. 1969).

For these reasons, it is clear that federal law did not require that the officials at the Orleans Parish Criminal District Court select cases transferred within that court on a random basis. Therefore, even if plaintiff's allegations are true, there was no federal constitutional violation. Without a federal violation, there is simply no basis for liability under 42 U.S.C. § 1983.

4

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this thirteenth day of February, 2014.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.